**IN RE: James HARDWICK, Petitioner**

**No. 16–2467**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21 Fed. R. App. P. July 14, 2016

(Filed: July 22, 2016)

---

James Hardwick, Pro Se

Gregory E. Smith, Esq., Delaware Department of Justice, Wilmington, DE, for Defendants–Respondents Warden James T Vaughn Correctional Center and Attorney General Delaware

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

OPINION *

PER CURIAM

Pro se petitioner, James Hardwick, a state prisoner, seeks a writ of mandamus directed to the warden of the James T. Vaughn Correctional Center. Hardwick alleges that prison officials have prohibited him from accessing certain materials that he relinquished into their custody before he underwent surgery in March 2016.[1] He contends that he needs those materials in order to appeal from the order of this Court (entered on April 21, 2016) denying his request for a certificate of appealability in a habeas action. He also indicates that he needs those materials in order to effectively litigate other unspecified cases.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a "means 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943)).

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus "in aid of" our jurisdiction and "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is well-settled that we may consider a petition for mandamus only if the action involves subject matter that may at some time come within this Court's appellate jurisdiction. See Christian, 660 F.2d at 894–95. There is no basis for such jurisdiction here. Hardwick does not allege any act or omission by a District Court within this Circuit over which we might exercise authority by way of mandamus. Nor does he allege any act or omission by a federal officer, employee, or agency that a District Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361. Instead, Hardwick asks us to compel state authorities to release certain personal material to him. We lack jurisdiction to grant this request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam). Accordingly, we will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. Hardwick describes these materials as both "legal and non-legal."